ALYSON S. CABRERA  (SBN: 222717)
acabrera@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendant
PERALTA COMMUNITY COLLEGE DISTRICT

*FILED*

*NOV 30 2011*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*NC*

**CV 11        5745**

ALBERTA R. JACKSON

                     Plaintiff,

    vs.

PERALTA COMMUNITY COLLEGE
DISTRICT; KAREN ULRICH, NANCY PAK;
GREGORY VALENTINE; and DOES 1
through 50, inclusive

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(b)
(FEDERAL QUESTION)**

**Request For Jury Trial**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE that PERALTA COMMUNITY COLLEGE DISTRICT

("Defendant") hereby removes to this Court the state court action described below.

    1.    On October 26, 2011, an action was commenced in the Superior Court of the State

of California in and for the County of Alameda, entitled Alberta R. Jackson v. Peralta

Community College District, et al. as Case No. RG11601534.  A copy of the summons,

complaint, civil cover sheet, and notice of case management conference and order, constituting

all of the pleadings and orders filed in the state court action, are attached hereto as **Exhibit A**.

///

///

-1-
Notice of Removal of Action

2.     The first date upon which Defendant received a copy of the said complaint was October 31, 2011, when Defendant was served with a copy of the said complaint and a summons from the said state court. Accordingly, this Notice is timely under 28 U.S.C. § 1446(b).

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under federal law pursuant to 42 U.S.C. § 1983, 29 U.S.C. § 2601, and 29 U.S.C. § 1161.

4.     Defendant PERALTA COMMUNITY COLLEGE DISTRICT is the only Defendant who has been served with the state court summons and complaint at this time. Accordingly, no other Defendants have joined in this Notice of Removal.

5.     Removal to the San Francisco or Oakland Division of the United States District Court for the Northern District of California is appropriate because the removed state court action was filed in the Superior Court of California, County of Alameda.

6.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, without exhibits, will be promptly served on plaintiff's counsel.

7.     A copy of this Notice of Removal, without exhibits, will also be filed with the Clerk of the Superior Court of the State of California in and for the County of Alameda.

Dated: //-28-11

GORDON & REES LLP

By: _____
Alyson S. Cabrera
Attorneys for Defendant
PERALTA COMMUNITY COLLEGE
DISTRICT

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

//11197260v.1

-2-
Notice of Removal of Action

EXHIBIT A

*10108056*

0

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**  PERALTA COMMUNITY COLLEGE DISTRICT;
*(AVISO AL DEMANDADO):* KAREN ULRICH; NANCY PAK;
GREGORY VALENTINE; and DOES 1 through 50, inclusive,

F I L E D
ALAMEDA COUNT

OCT 2 6 2011

CLERK OF THE SUPERIOR COURT
BY _Dasha Perry_

**YOU ARE BEING SUED BY PLAINTIFF:**  ALBERTA R. JACKSON
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda County Superior Court - Civil<br>1225 Fallon Street<br>1225 Fallon Street<br>Oakland, California 94612 | CASE NUMBER:<br>*(Número del Caso)* RG **1 1 6 0 1 5 3 4** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David M. Poore, Esq. SBN 192541                    510-923-6280          510-923-6285
Brown | Poore LLP
2200 Powell Street
Emeryville, California 94608

| DATE:<br>*(Fecha)*  OCT 2 6 2011 | Pat S. Sweeten | Clerk, by _Dasha Perry_<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

 

*9944377*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| David M. Poore, Esq., 192541<br>Brown \| Poore LLP<br>2200 Powell St Ste. 745<br>Emeryville, CA 94608<br>TELEPHONE NO.: (510) 923-6280<br>ATTORNEY FOR *(Name)*: Plaintiff | **FILED**<br>ALAMEDA COUNTY<br><br>NOV 02 2011<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>_____ Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| Superior Court of California, Alameda County<br>1225 Fallon Street, #209<br>Oakland, CA 94612-4293 | |

| PLAINTIFF/PETITIONER: ALBERTA R. JACKSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PERALTA COMMUNITY COLLEGE DISTRICT, et al | RG 11601534 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>JACKSON |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Civil Case Cover Sheet, Complaint, ADR Information Packet

3. a. Party served: Peralta Community College District

  b. Person Served: Lisa Harris, Exec. Assistant to General Counsel - Person authorized to accept service of process

4. Address where the party was served: 333 East 8th Street
  Oakland, CA 94606

5. I served the party
  b. by substituted service. On (date): 10/31/2011       at (time): 2:08 PM   I left the documents listed in item 2 with or
  in the presence of: Lisa Harris, Exec. Assistant to General

   (1) **(business)**   a person at least 18 years of age apparently in charge at the office or usual place of business of
        the person to be served. I informed him or her of the general nature of the papers.

   (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  c. on behalf of:

  Peralta Community College District

   under:        CCP 416.50 (public entity)

7. **Person who served papers**
  a. Name:          Nytira Duplessis
  b. Address:       One Legal - 194-Marin
                  504 Redwood Blvd #223
                  Novato, CA 94947
  c. Telephone number: 415-491-0606
  d. The fee for service was: $ 78.25
  e. I am:
     (3) registered California process server.
       (i)  Employee or independent contractor.
       (ii) Registration No.: 1040
       (iii) County ALAMEDA

**BY FAX**

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 11/1/2011

Nytira Duplessis
(NAME OF PERSON WHO SERVED PAPERS)

(SIGNATURE) _____

OL# 6761258

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| David·M. Poore, Esq., 192541 | | (510) 923-6280 | |
| Brown | Poore LLP | | | |
| 2200 Powell St Ste. 745 | | | |
| Emeryville, CA 94608 | | Ref. No. or File No. | |
| ATTORNEY FOR (Name): Plaintiff | | JACKSON | |

Insert name of court, judicial district or branch court, if any:

Superior Court of California, Alameda County
1225 Fallon Street, #209
Oakland, CA 94612-4293

**PLAINTIFF:**

ALBERTA R. JACKSON

**DEFENDANT:**

PERALTA COMMUNITY COLLEGE DISTRICT, et al.

| **PROOF OF SERVICE BY MAIL** | | | CASE NUMBER: |
|---|---|---|---|
| | | | RG 11601534 |

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 504 Redwood Blvd #223, Novato, CA 94947.

On 11/1/2011, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of the:

Summons, Civil Case Cover Sheet, Complaint, ADR Information Packet

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Oakland, CA, California, addressed as follows:

Peralta Community College District
Lisa Harris, Exec. Assistant to General Counsel
333 East 8th Street
Oakland, CA 94606

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

$ 78.25

Steven Vinci
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA 94947

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 11/1/2011 at Oakland, California.

Steven Vinci

OL# 6761258



*10108048*

David M. Poore, SBN 192541
BROWN | POORE LLP
2200 Powell Street, Suite 745
Emeryville, California 94608
Telephone:    (510) 923-6280
Facsimile:    (510) 923-6285
dpoore@bplegalgroup.com

Attorneys for Plaintiff
ALBERTA JACKSON

F I L E D
ALAMEDA COUNTY

OCT 2 6 2011

CLERK OF THE SUPERIOR COUR
By _____ Depu

## SUPERIOR COURT OF CALIFORNIA - COUNTY OF ALAMEDA

### UNLIMITED JURISDICTION

ALBERTA R. JACKSON,

        Plaintiff,

v.

PERALTA COMMUNITY COLLEGE
DISTRICT; KAREN ULRICH; NANCY PAK;
GREGORY VALENTINE; and DOES 1
through 50, inclusive,

        Defendants.

Case No. RG 11 601534

**COMPLAINT FOR DAMAGES, EQUITABLE AND/OR INJUNCTIVE RELIEF**

VIOLATIONS OF THE FAIR
EMPLOYMENT AND HOUSING ACT,
GOVERNMENT CODE §12940, ET. SEQ.;
VIOLATIONS OF THE CALIFORNIA
CONSTITUTION; VIOLATIONS OF THE
CIVIL RIGHTS ACT, 42 U.S.C. § 1983;
VIOLATIONS OF THE FAMILY MEDICAL
LEAVE ACT, 29 U.S.C. § 2601, ET SEQ;
VIOLATIONS OF THE CONSOLIDATED
OMNIBUS BUDGET RECONCILIATION
ACT ("COBRA"), 29 U.S.C. § 1161 et seq;
VIOLATIONS OF THE CALIFORNIA
FAMILY RIGHTS ACT, GOVERNMENT
CODE § 12945.1 ET SEQ

**JURY TRIAL DEMANDED**

BY FAX

Plaintiff ALBERTA R. JACKSON complains and alleges as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff ALBERTA R. JACKSON ("Plaintiff") is, and at all relevant times hereto, has been a resident of the State of California.

-1-

1    2.    Plaintiff is informed and believes and thereby alleges that Defendant PERALTA

2  COMMUNITY COLLEGE DISTRICT (hereinafter "Peralta" or "Defendant"), including its

3  departments, units, and/or political subdivisions, is and at all relevant times hereto, was an

4  employer operating as public entities within the State of California, County of Alameda, who

5  regularly employed more than 75 persons.

6

7    3.    Defendant Peralta is a governmental entity located within the State of California

8  and doing business as a government entity under color of authority and law.

9

10    4.    At all relevant times, Peralta was an employer within the meaning of the California

11  Fair Employment and Housing Act, and, as such, was prohibited from harassing, discriminating

12  and retaliating in employment on the basis of physical disability, mental disability, or medical

13  condition.

14

15    5.    Defendant KAREN ULRICH ("Ulrich" or "Defendant") is an individual whose

16  residence is located in the State of California. Defendant Ulrich is the Director of Human

17  Resources at Peralta, and is a supervisor and/or managerial employee of Defendant Peralta. For

18  purposes of the cause of action under the Civil Rights Act, Defendant Ulrich is being sued in her

19  individual capacity acting under color of law.

20

21    6.    Defendant NANCY PAK ("Pak" or "Defendant") is an individual whose residence

22  is located in the State of California. Defendant Pak is a Human Resources representative at

23  Peralta. For purposes of the cause of action under the Civil Rights Act, Defendant Pak is being

24  sued in her individual capacity acting under color of law.

25

26    7.    Defendant GREGORY VALENTINE ("Valentine" or "Defendant") is an

27  individual whose residence is located in the State of California. Defendant Valentine is a Human

28  Resources/Risk Management managerial employee of Defendant Peralta. For purposes of the

-2-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF

1  cause of action under the Civil Rights Act, Defendant Valentine is being sued in her individual

2  capacity acting under color of law.

3

4     8.    This Court has jurisdiction and venue over this action in that Defendant Peralta

5  employed Plaintiff within the County of Alameda, State of California.

6

7     9.    Plaintiff is unaware of the true identity, nature and capacity of each of the

8  defendants designated herein as a DOE, whether individual, corporate, associate or otherwise,

9  who therefore sues such defendants by fictitious names pursuant to California Code of Civil

10 Procedure §474. Plaintiff is informed and believes and thereby alleges that each of the

11 defendants designated herein as a DOE is in some manner responsible for the damages and

12 injuries as are alleged in this Complaint. Upon learning the true identity, nature and capacity of

13 the DOE defendants, Plaintiff will amend this Complaint to allege their true names and capacities.

14

15    10.   Plaintiff has exhausted all administrative remedies with the Department of Fair

16 Employment and Housing and has received the appropriate and timely right-to-sue letters.

17

18    11.   Unless otherwise indicated as acting in individual capacity, Plaintiff is informed

19 and believe, and thereby allege that each of the Defendants herein were at all times relevant

20 hereto, the agents, representatives, servants and employees of the remaining defendants, and were

21 acting at least in part within the course and scope of such relationship, and that the wrongful acts

22 alleged herein were committed by such Defendants, and each of them.

23

24                          **FACTUAL BACKGROUND**

25    12.   Plaintiff Alberta Jackson was an employee of Defendant Peralta who at all relevant

26 times suffered from gout arthropathy, lower back pain, knee and joint complications, including

27 bone-to-bone deterioration, and a knee replacement, including knee replacement surgery, which

28 are properly considered as physical disabilities and/or serious medical conditions that

                                    -3-
          COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF

1 substantially limited her major life activities. Additionally, Plaintiff is informed and believes that
2 Defendants perceived Plaintiff as having such a disability and/or serious medical condition.

3

4     13.   Defendant Peralta hired Plaintiff approximately eight (8) years ago as a Science
5 Laboratory Technician located at Merritt College, Biology Department, County of Alameda, State
6 of California. Plaintiff was a full-time employee that continuously worked more than 1,250 hours
7 per year. At the time Defendant Peralta extended this offer of employment, Plaintiff was
8 qualified to work in this position, and, throughout her employment with Peralta, Plaintiff
9 diligently and competently performed her duties as a laboratory technician. Plaintiff received
10 consistent praise regarding her abilities and skill level, and was provided with excellent
11 evaluations for her performance.

12

13     14.   As a result of her superior performance, Plaintiff was selected for the 2009
14 Classified Employee of the Year Award, a significant achievement within the Peralta
15 organization.

16

17     15.   Moreover, when Plaintiff's immediate supervisor asked that she participate in a
18 Master's Program to obtain advancements and/or promotions in her employment, Plaintiff spent
19 over $20,000.00 in final years of her employment so that she could obtain a Masters in Science
20 Management. In short, at all relevant times, Plaintiff possessed the requisite skills in her position
21 and was capable of performing the essential functions of her job.

22

23     16.   Plaintiff's position as a Science Laboratory Technician required a fair amount of
24 standing, with weight on the knees and/or lower extremities for the vast majority of the day. As a
25 result of being required to stand continuously in the workplace, Plaintiff suffered from the above-
26 referenced medical complications with respect to her lower extremities.

27
28

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF

1   17. The condition became so pervasive such that in July 2009 Plaintiff was diagnosed

2 with gout arthropathy and knee/lower extremity complications.   Later that month, Plaintiff's

3 treating physicians ordered imaging studies of Plaintiff's knees, and it was determined that

4 Plaintiff suffered from bone-to-bone deterioration.   Plaintiff notified Defendants of these

5 conditions.

6

7   18. On or about August 11, 2009, Plaintiff's treating physicians determined that

8 Plaintiff's condition was chronic, which would require a medical leave of absence of

9 approximately three months to conduct treatment and care.   Plaintiff's treating physicians

10 recommended a return to work date of approximately November 30, 2009.   Defendants did not

11 classify the leave as FMLA or CFRA protected leave.  Instead, Plaintiff was placed on a partial-

12 paid leave program. Defendants never informed Plaintiff of her right to use FMLA and/or CFRA

13 leave for this leave period, or advised her of her rights under the FMLA and/or CFRA.

14 Moreover, Defendants never informed Plaintiff that any of her available FMLA and/or CFRA

15 leave would run concurrent with any other types of leave, including the partial-paid leave

16 program, or her sick leave or vacation time.

17

18   19. In approximately late-October and early-November 2009, Plaintiff's knee

19 condition became much worse. On or about November 12, 2009, Plaintiff was required to attend

20 knee replacement surgery.   Plaintiff and her treating physicians notified Defendants of this

21 surgery.  Plaintiff's treating physicians requested an additional leave period of approximately 90

22 to 120 days to allow Plaintiff to recover from the surgery, including attending physical therapy.

23 Plaintiff's immediate supervisor, who was a Dean of Merritt College, supported this leave, and

24 advised the Defendants that the Biology Department would do whatever it could to return

25 Plaintiff to work, as she was an outstanding employee with a long and dedicated history of service

26 to the college.

27

28

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF

20.    In late-November and early-December 2009, Plaintiff's treating physicians authorized Plaintiff's return to work after her recovery period, with a return date no later than April 1, 2010.  Plaintiff and her treating physicians requested reasonable accommodations in the workplace so that Plaintiff could work in the Biology Department.  Plaintiff and her physicians requested that Defendants provide Plaintiff with the following accommodations, which were more than reasonable under the circumstances:  (1) no prolonged standing on the knees for more than one hour in a given workday, (2) leave for a specific period of time, with a return date certain, to allow Plaintiff's knees to recover, and/or (3) reassignment to another position, with re-training, if necessary, that does not require prolonged standing.  Again, Plaintiff's immediate supervisor wrote to Defendants saying that they supported these accommodations in the workplace, as they were reasonable for Plaintiff's worksite.

21.    Despite the fact that Plaintiff's Department supported the proposed accommodations, Defendants failed to even consider or respond to Plaintiff and her treating physicians' requests for reasonable accommodations.  Defendants failed to engage Plaintiff in the good faith interactive process to determine what accommodations are reasonable under the circumstances upon her return to work, and, instead of complying with their obligations under the disability laws they ignored Plaintiff's requests for reasonable accommodation.

22.    Shortly thereafter, in December 2009, Plaintiff attempted to participate in a physical therapy appointment.  When she arrived at the appointment, Plaintiff was advised that her medical insurance had been cancelled.  When Plaintiff contacted Kaiser Permanente, her health care provider, to determine what had happened, the Kaiser representative informed Plaintiff that Defendant Peralta had cancelled her medical insurance effective December 1, 2009.  Plaintiff was provided with no COBRA notification informing her that her medical benefits would be terminated as of December 1, 2009, and Defendants failed to take any reasonable measures to advise Plaintiff that they were terminating her health care benefits while she was on

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF

1   leave.   Instead, Plaintiff was still a Peralta employee when her benefits were unilaterally

2   cancelled by Defendants, without any good cause or notice to the Plaintiff.

3

4       23.    Immediately thereafter, Plaintiff made an internal complaint to Defendant Nancy

5   Pak about the cancellation of medical insurance while on leave. Plaintiff also requested to know

6   why none of the Defendants had contacted her about the proposed reasonable accommodations

7   upon her return to work.   Defendant Pak forwarded these internal complaints to Defendants

8   Ulrich and Valentine.

9

10      24.    In response, Defendant Pak, with the full knowledge and consent of the remaining

11  Defendants, instructed Plaintiff to "back-date" an FMLA request form for a period of several

12  months to October 2009.   Defendant Pak told Plaintiff that she was required to back-date an

13  FMLA request form if she wanted to have her insurance benefits reinstated. Plaintiff, who trusted

14  and relied upon the expertise of the Defendants, and who further needed her health insurance

15  benefits for continued treatment of her knee condition, did as she was instructed to do.

16

17      25.    What Defendants did not tell Plaintiff was that the "back-dating" of the FMLA

18  form would reduce her bank of available medical leave by several months, thus not allowing her

19  to use that available FMLA and/or CFRA leave in the future.  Instead, Defendants knowingly

20  concealed this information from the Plaintiff.   As set forth below, Defendants ultimately

21  terminated Plaintiff's employment only weeks later because she had "exhausted" her available

22  leave.

23

24      26.    On or about January 4, 2010, Defendants sent Plaintiff correspondence stating that

25  Plaintiff will have exhausted all her available leave, paid or unpaid, on February 10, 2010.

26  Defendants further advised Plaintiff that she cannot use any of her remaining FMLA and/or

27  CFRA leave because Defendants had determined that it had been exhausted only weeks earlier on

28  December 23, 2009, which was incorrect.   Defendants acknowledged that Plaintiff and her

1    treating physicians had recommended reasonable accommodations to return to work, including a

2    finite period of leave for post-surgical recovery, but, again, Defendants failed to engage Plaintiff

3    in the good faith interactive process.  Defendants further failed to act on any of the reasonable

4    accommodations.  Instead, Defendants informed Plaintiff that if her treating physician did not

5    return her to work before February 10, 2010, Plaintiff's employment would be terminated, and

6    Plaintiff would be placed on a 39-month reemployment list, which would only give her some

7    limited priority for positions that came available in her classification.

8

9        27.    Between January 4 and February 10, 2010, Plaintiff contacted Defendants on

10   several occasions, both verbally and in writing, requesting a meeting to discuss her return to

11   work, including reasonable accommodations.  Plaintiff also consistently asked Defendants to

12   engage her in the interactive process.  Defendants openly refused.  Defendant Ulrich told Plaintiff

13   that she was unfamiliar with her case, and that she does not handle reasonable accommodation

14   requests.  Defendant Pak also advised Plaintiff that she did not handle reasonable accommodation

15   requests, and forwarded Plaintiff's emails to Defendant Valentine, who was apparently the person

16   in charge of such requests.

17

18       28.    When Plaintiff asked to speak with Defendant Valentine about the interactive

19   process and reasonable accommodations in the workplace, he refused to meet with Plaintiff, and

20   further refused to discuss reasonable accommodations with the Plaintiff.  Instead, Defendant

21   Valentine wrongfully told Plaintiff that he could not speak with her because she was represented

22   by a worker's compensation attorney, in a separate and unrelated claim.

23

24       29.    When Plaintiff's worker's compensation attorney was notified of this

25   communication, he immediately wrote correspondence to Defendant Valentine advising him that

26   he did not represent Plaintiff for any claims under the Fair Employment and Housing Act

27   ("FEHA"), and certainly did not represent for purposes of handling reasonable accommodations

28   and the good faith interactive process.  The attorney further advised Defendant Valentine that he

-8-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF

1   could contact Plaintiff directly on this matter, as the FEHA interactive process is supposed to be

2   conducted between the employer and the employee.   Despite this information, Defendant

3   Valentine failed to contact Plaintiff about the reasonable accommodations, and further failed to

4   take any reasonable measure to engage Plaintiff in the good faith interactive process.

5

6       30.      On February 8, 2010, only two days before the scheduled termination of Plaintiff's

7   employment, Plaintiff's treating physicians authorized her return to work immediately with

8   reasonable accommodations, including no prolonged standing for more than one hour in an eight-

9   hour workday.   Defendants again failed to respond to Plaintiff's requests for reasonable

10  accommodations, and further failed to engage Plaintiff in the good faith interactive process.

11

12      31.      Defendants terminated Plaintiff's employment on February 10, 2010.   Defendants

13  failed to provide Plaintiff with any COBRA notification at the time of the qualifying event.

14

15      32.      Defendants further failed to provide Plaintiff with any pre-termination or post-

16  termination hearing, as required under the due process clauses of the California and United States

17  Constitutions.   Plaintiff was a government employee that had a protected property interest in her

18  continued employment.   Plaintiff was a permanent employee who had passed her probationary

19  period, and thus could only be terminated upon an affirmative showing of good cause.   Although

20  Plaintiff was entitled to a hearing to prior to the deprivation of this interest, Defendants failed to

21  provide Plaintiff with any termination hearing whatsoever.

22

23      33.      Moreover, after Plaintiff was terminated, and while Plaintiff was placed on the 39-

24  month reemployment list, there were several classified positions that came available that Plaintiff

25  could have performed, including Plaintiff's own job, which was listed as vacant.   Instead of

26  informing Plaintiff of these positions, including her alleged right to priority, Defendants filled

27  these positions with other candidates.

28

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF

**FIRST CAUSE OF ACTION**

(Disability/Medical Condition Discrimination – FEHA – Defendants PERALTA and DOES 1 through 50)

34.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

35.     California Government Code § 12940, et. seq., provide that it is an unlawful employment practice for an employer to discriminate against an employee in the terms and conditions of employment.

36.     Defendant Peralta violated Government Code § 12940, et. seq. with regard to Plaintiff when it discriminated against Plaintiff on the basis of her physical disabilities, and medical condition, and terminated Plaintiffs' employment based upon Plaintiff's medical condition and disabilities.

37.     Defendant Peralta's conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

38.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

39.     Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

1

2

**SECOND CAUSE OF ACTION**

(Retaliation – FEHA – Defendants PERALTA and DOES 1 through 50)

3      40.      Plaintiff realleges and incorporates by reference Paragraphs 1 through 39 of this

4      Complaint as though fully set forth herein.

5

6      41.      California Government Code § 12940(h) provides that it is an unlawful

7      employment practice for an employer to retaliate against an employee for engaging in a protected

8      activity, including making internal complaints pertaining to discriminatory or unequal conduct in

9      the workplace.

10

11      42.      Defendants violated Government Code § 12940 with regard to Plaintiff when they

12      engaged in adverse employment actions, refused to engage in the good faith interactive process,

13      denied Plaintiff and her doctors' requests for accommodation, made active attempts to frustrate

14      plaintiff's reasonable accommodations, and terminated Plaintiff's employment.

15

16      43.      Defendants' conduct toward Plaintiff as alleged above, constitutes an unlawful

17      employment practice in violation of California Government Code § 12940.

18

19      44.      As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has

20      suffered loss of employment, indignity, great humiliation and emotional distress manifesting in

21      physical symptoms.

22

23      45.      Defendants' actions have caused and continue to cause Plaintiff substantial losses

24      in earnings, significant reputation and professional injury, loss of promotional opportunities and

25      other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

26      benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount

27      according to proof.

28

## THIRD CAUSE OF ACTION

(Failure to Provide Reasonable Accommodations – FEHA – Defendants PERALTA and DOES 1 through 50)

46.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47.     California Government Code § 12940 provides that it is an unlawful employment practice for an employer to fail to provide reasonable accommodations for an employee with a disability and/or medical condition.

48.     Defendant violated Government Code § 12940 with regard to Plaintiff when it failed to provide reasonable accommodations to Plaintiff, and actively frustrated and interfered with Plaintiff's requests for reasonable accommodations.

49.     Defendant's conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

50.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

51.     Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof.

-12-

**FOURTH CAUSE OF ACTION**

(Failure to Failure to Engage in the Good Faith Interactive Process – FEHA – Defendants
PERALTA and DOES 1 through 50)

52.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 51 of this
Complaint as though fully set forth herein.

53.     California Government Code § 12940 provides that it is an unlawful employment
practice for an employer to fail to engage in the good faith interactive process to determine
accommodations for an employee with a disability and/or medical condition.

54.     Defendant violated Government Code § 12940 with regard to Plaintiff when it
failed to engage Plaintiff in the good faith interactive process with respect to Plaintiff's requests
for reasonable accommodations.

55.     Defendant's conduct toward Plaintiff as alleged above, constitutes an unlawful
employment practice in violation of California Government Code § 12940.

56.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss
of employment, indignity, great humiliation and emotional distress manifesting in physical
symptoms.

57.     Defendant's actions have caused and continue to cause Plaintiff substantial losses
in earnings, significant reputation and professional injury, loss of promotional opportunities and
other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and
benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount
according to proof.

-13-

1

## FIFTH CAUSE OF ACTION

2

(Violations of Art. I, §§ 2 and 7, Cal. Const. – Defendant PERALTA and DOES 1 through 50)

3

4

58.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 57 of this Complaint as fully set forth herein.

5

6

59.    Article I, §§ 2 and 7, of the California Constitution prohibit any person while acting under color of law to deprive and/or interfere with any other person's constitutional rights.

7

8

9

60.    In acting above, Defendants violated Article I, §§ 2 and 7 of the California Constitution, with regard to Plaintiff when they violated Plaintiff's due process rights, equal protection rights, and engaged in a course and conduct of retaliating against Plaintiff for exercising protected speech and activities.

10

11

12

13

14

61.    As a direct and proximate result of Defendants' conduct, Plaintiff is seeking the equitable remedy of reinstatement with back-pay. Plaintiff further seeks any other equitable relief the Court deems appropriate.

15

16

17

18

## SIXTH CAUSE OF ACTION

19

(Violations the Federal Civil Rights Act, 42 U.S.C. § 1983 – Defendants VALENTINE,

20

ULRICH, PAK, and DOES 1 through 50)

21

62.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 61 of this Complaint as fully set forth herein.

22

23

24

63.    The above referenced internal complaints of discrimination and unequal treatment were matters of important public concern and constitutionally protected speech and activities under the First Amendment to the United States Constitution. In acting above, Defendants retaliated against Plaintiff, violated plaintiff's constitutional rights under the First Amendment

25

26

27

28

-14-

  
1   and, acting under color of authority, further violated plaintiff's rights under 42 U.S.C. Section
2   1983.

3

4       64.    In acting above, Defendants further violated Plaintiff's rights under the due
5   process clause to the Fourteenth Amendment to the United States Constitution.  Plaintiff had a
6   protected property interest in her continued employment, in which could not be deprived without
7   a pre-termination or post-termination hearing.  Defendants failed to provide Plaintiff with a
8   hearing prior to termination, and further failed to provide Plaintiff with a hearing after the
9   termination.  As such, Defendants, while acting under color of authority, further violated
10  Plaintiff's due process rights.

11

12      65.    Defendants also violated Plaintiff's rights under the equal protection clause when
13  they discriminated against Plaintiff without any rational basis.  Defendants further violated
14  federal law pertaining to Plaintiff's rights under the Family Medical Leave Act, 29 U.S.C. § 2601
15  et seq.

16

17      66.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss
18  of employment, indignity, great humiliation and emotional distress manifesting in physical
19  symptoms.

20

21      67.    Defendant's actions have caused and continue to cause Plaintiff substantial losses
22  in earnings, significant reputation and professional injury, loss of promotional opportunities and
23  other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and
24  benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount
25  according to proof.

26

27      68.    As to the individual Defendants only, Defendants Ulrich, Valentine, and Pak, the
28  acts of these said Defendants as alleged herein, were intentional, outrageous, despicable,

-15-

1    oppressive, fraudulent, and done with ill will and intent to injure Plaintiff and to cause Plaintiff

2    mental anguish, anxiety, and distress.  The defendants' acts were done in conscious disregard of

3    the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting

4    oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive

5    damages against these defendants only.

6

7                                **SEVENTH CAUSE OF ACTION**

8              (Violations of COBRA – Defendant PERALTA and DOES 1 through 50)

9         69.    Plaintiff incorporates herein by reference all the allegations contained in

10   paragraphs 1 through 68 of this complaint as fully set forth herein.

11

12        70.    The Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §

13   1161 et seq provides that an employer must provide an employee with health benefits

14   continuation coverage notice upon a qualifying event, including termination of employment,

15   certain protected leave, or reduction of hours.  COBRA further requires an employer to not

16   terminate such benefits upon a qualifying event without such notice.

17

18        71.    In acting above, Defendants failed to provide Plaintiff with such a COBRA notice

19   upon termination of medical benefits on December 1, 2009, and further failed to provide Plaintiff

20   with such a notice upon termination of employment.

21

22        72.    As a direct and proximate result of Defendants' actions, Plaintiff seeks damages,

23   equitable, injunctive, and/or any other relief the Court deems proper.

24

25        ///

26

27        ///

28

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF

## EIGHTH CAUSE OF ACTION

(Violations of the FMLA, 29 U.S.C. §§ 2601 et seq – All Defendants)

73.     Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 72 of this Complaint as fully set forth herein.

74.     Plaintiff was an eligible employee for purposes of the FMLA.

75.     Plaintiff suffered from serious medical conditions.

76.     Plaintiff advised Defendants of these serious medical conditions, and requested leave in accordance with the FMLA.

77.     The Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et. seq. prohibits Defendants from interfering, restraining, denying, discriminating or retaliating against an employee for exercising family medical leave rights, or denying an eligible employee's family medical leave. The FMLA further prohibits an employer from changing its FMLA policies without providing reasonable notice to the affected employees.

78.     In acting above, Defendants violated the FMLA with regard to Plaintiff when it discriminated against Plaintiff for seeking protected FMLA leave, retaliated against Plaintiff in taking adverse employment actions for Plaintiff's exercise of rights under the FMLA,  interfered with Plaintiff's family medical leave, restrained Plaintiff's family medical leave, and ultimately terminated Plaintiff's employment as a result of FMLA violations.

79.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of employment, lost wages and benefits, future wage loss, other compensation loss, and attorney's fees and costs.

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF

1    80.    As a further direct and proximate result of Defendants' conduct, Plaintiff seeks

2    interest, statutory damages, liquidated damages, equitable and/or injunctive relief, and any other

3    relief that the Court deems fair and just.

4

5                              **NINTH CAUSE OF ACTION**

6              (Violations of the CFRA – Defendant PERALTA and DOES 1 through 50)

7
     81.    Plaintiff incorporates herein by reference all of the allegations contained in
8
     paragraphs 1 through 80 of this Complaint as fully set forth herein.
9

10
     82.    Plaintiff was an eligible employee for purposes of the CFRA, Government Code §
11
     12945.1 et seq.
12

13
     83.    Plaintiff suffered from serious medical conditions.
14

15
     84.    Plaintiff advised Defendants of these serious medical conditions, and requested
16
     leave in accordance with the CFRA.
17

18
     85.    The CFRA prohibits Defendants from interfering, restraining, denying,
19
     discriminating or retaliating against an employee for exercising family medical leave rights, or
20
     denying an eligible employee's family medical leave. The CFRA further prohibits an employer
21
     from changing its leave policies without providing reasonable notice to the affected employees.
22

23
     86.    In acting above, Defendants violated the CFRA with regard to Plaintiff when it
24
     discriminated against Plaintiff for seeking protected leave, retaliated against Plaintiff in taking
25
     adverse employment actions for Plaintiff's exercise of rights under the CFRA, interfered with
26
     Plaintiff's family medical leave, restrained Plaintiff's family medical leave, and ultimately
27
     terminated Plaintiff's employment as a result of CFRA violations.
28

1      87.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss

2  of employment, indignity, great humiliation and emotional distress manifesting in physical

3  symptoms.

4

5      88.    Defendant's actions have caused and continue to cause Plaintiff substantial losses

6  in earnings, significant reputation and professional injury, loss of promotional opportunities and

7  other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

8  benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount

9  according to proof.

10

11                                    **PRAYER FOR RELIEF**

12      Wherefore, plaintiff prays for judgment against Defendants, and each of them as follows:

13          1.  For general damages in an amount according to proof;

14          2.  For special damages in an amount according to proof;

15          3.  For prejudgment interest in an amount according to proof;

16          4.  For punitive damages against the individuals in an amount according to proof;

17          5.  For equitable and/or injunctive relief, including reinstatement and backpay;

18          6.  For statutory penalties;

19          7.  For reasonable attorney's fees and cost of suit therein;

20          8.  For such other and further relief as the court may deem proper.

21          9.  Plaintiff demands a trial by jury.

22

23  Dated: October 25, 2011                    BROWN | POORE LLP

24

25                                      By:_____

26                                            David M. Poore
                                              Attorneys for Plaintiff
27                                            ALBERTA JACKSON

28

BROWN | POORE LLP
Attn: Poore, David M.
2200 Powell Street,
Suite 745
Emeryville, CA   94608____

## Superior Court of California, County of Alameda

| Jackson | No. RG11601534 |
|---|---|
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT** |
| | **CONFERENCE AND ORDER** |
| Peralta Community College District | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **03/14/2012** | Department: **510** | Judge: **Evelio Grillo** |
|---|---|---|
| Time: **08:30 AM** | Location: **Hayward Hall of Justice** | Clerk: **Danielle Labrecque** |
| | **2nd Floor** | Clerk telephone: **(510) 690-2719** |
| | **24405 Amador Street, Hayward CA 94544** | E-mail: |
| | | **Dept.510@alameda.courts.ca.gov** |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax: **(510) 267-1527** |

### ORDERS

1.  You must:
    a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  **Give notice** of this conference to any party not included in this notice and file proof of service;
    c.  **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
    d.  **File and serve** a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least **15** days before the Case Management Conference (CRC 3.725)*

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person+ (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: **EDelivery@alameda.courts.ca.gov**. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at **http://apps.alameda.courts.ca.gov/domainweb**.

+Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 11/02/2011.

By _____

Deputy Clerk